AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
## Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Luis Alfredo Sanchez-Hernandez | ) | 6:25-mj-1548 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 27, 2022__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

See affivadit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Albert T. Franklin, SA, HSI
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 5/23/2025

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

City and state: Orlando, Florida

STATE OF FLORIDA                                CASE NO. 6:25-mj- 1548

COUNTY OF ORANGE

<u>**AFFIDAVIT IN SUPPORT OF THE
ISSUANCE OF A CRIMINAL COMPLAINT**</u>

I, Special Agent Albert T. Franklin, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Special Agent ("SA") with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I am currently assigned to the HSI Orlando, Florida office. My present duties include, in part, conducting criminal investigations into violations of federal laws pertaining to financial investigations and narcotics importation investigations. I have been an SA with HSI since 2001. I have received extensive training at the Federal Law Enforcement Training Center and elsewhere in airport operations, border search authority, narcotics smuggling techniques, and controlled deliveries. I have participated in investigations of violations of various federal criminal laws, including unlawful possession with intent to distribute controlled substances, importation of controlled substances, conspiracy to import, possess, and distribute controlled substances, money laundering, alien smuggling, and unlawful alien criminal activity, all in violation of Title 8, Title 18 and Title 21 of the United States Code. Prior to my employment with HSI, I was a criminal investigator for the State of Florida for the Office of the Public Defender.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and

information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On November 13, 2015, Luis Alfredo **SANCHEZ-Hernandez**, hereinafter referred to as **SANCHEZ-Hernandez**, was encountered by U.S. Border Patrol near Lukeville, Arizona. Border Patrol Agents determined **SANCHEZ-Hernandez** had unlawfully entered the United States of America near Lukeville, Arizona from Mexico. **SANCHEZ-Hernandez** admitted to illegally crossing the international border without being inspected by an immigration officer at a designated Port of Entry.

4. On November 14, 2015, **SANCHEZ-Hernandez** was issued a Notice of Order of Expedited Removal.

5. On November 15, 2015, **SANCHEZ-Hernandez** was removed and returned to Mexico.

6. On July 27, 2022, **SANCHEZ-Hernandez** was arrested by the Seminole County Sheriff's Office in Lake Mary, Florida, and charged with Possession of Cocaine, Fla. Stat. § 893.16 (6)(a). That same date, **SANCHEZ-Hernandez** was

issued a bond after his first appearance, which he posted soon thereafter, and was released from custody.

7. Following his arrest, the Seminole County Jail booking system automatically forwarded **SANCHEZ-Hernandez**'s information to the Alien Criminal Response Information Management System (ACRIMe) national database. On July 28, 2022, U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) learned of **SANCHEZ-Hernandez**'s arrest and that he quickly bonded out of custody before any action was taken by ICE-ERO.

8. On August 16, 2022, the State Attorney's office in the Eighteenth Judicial Circuit of Florida filed an information charging **SANCHEZ-Hernandez** with one count of Possession of Cocaine. On November 21, 2023, a bench warrant was issued for **SANCHEZ-Hernandez** for failure to appear and his bond was revoked.

9. On September 22, 2024, **SANCHEZ-Hernandez** was arrested by the Orlando Police Department in Orlando, Florida and charged with the following offenses: attempted burglary of a dwelling, possession of cocaine, possession of fentanyl, battery, resisting an officer with violence, and obstruction by false information. Following his arrest, the Orange County Jail (OCJ) booking system automatically forwarded **SANCHEZ-Hernandez's** information to the Alien Criminal Response Information Management System (ACRIMe) national database.

In addition, **SANCHEZ-Hernandez's** fingerprints were entered into the Integrated Automated Fingerprint Identification System (IAFIS) which confirmed his identity.

10. On March 5, 2025, **SANCHEZ-Hernandez** entered a plea of nolo contendere to the counts of Attempted Burglary of a Dwelling, Fla. Stat. § 810.02(3)(B), Possession of Cocaine, Fla. Stat. § 893.13(6)(A), Possession of Drug Paraphernalia, Fla. Stat. § 893.147(1), and Misdemeanor Battery, Fla. Stat. § 784.03(1)(A)(1), was adjudicated guilty, and sentenced to 180 days in Orange County Jail on all counts (to run concurrent with each count). On March 10, 2025, **SANCHEZ-Hernandez** was transported to Seminole County Jail to face his open felony case in the Eighteenth Judicial Circuit of Florida, referenced in ¶ 6 above, where he was charged with Possession of Cocaine. On April 30, 2025, **SANCHEZ-Hernandez** entered a plea of nolo contendere to that aforementioned count, was adjudicated guilty, and sentenced to 90 days in Seminole County Jail. During the pendency of this case, **SANCHEZ-Hernandez** remained held in custody at the Seminole County Jail—where he currently remains serving the remainder of his sentence.

11. On May 21, 2025, the case was referred to the Homeland Security Investigations (HSI) Orlando Office, Homeland Security Task Force for further review. HSI Special Agent Guillermo Dobao was assigned as the lead agent on the case. SA Dobao procured **SANCHEZ-Hernandez's** alien file, which was identified by his unique alien number (AXXX-XXX-285). The aforementioned alien number

was identified when **SANCHEZ-Hernandez**'s fingerprints rolled at the Orange County Jail matched the fingerprints associated with his alien number/file. SA Dobao's review of the alien file, as well as various databases and ICE records, disclosed that **SANCHEZ-Hernandez** was born in 1992, in Tuxtla, Chiapas, Mexico. **SANCHEZ-Hernandez** is a citizen of Mexico and not a citizen of the United States. Additionally, SA Dobao's review of the alien file confirmed that **SANCHEZ-Hernandez** was located in the United States by U.S. Border Patrol on November 13, 2015, as refenced in ¶ 3, administratively ordered removed from the United States to Mexico on November 14, 2015, as referenced in ¶ 4, and physically removed from the United States to Mexico on November 15, 2015, as referenced in ¶ 5.

12. There is no record of the Attorney General of the United States and/or the U.S. Secretary of the Department of Homeland Security giving **SANCHEZ-Hernandez** consent to apply for readmission to the United States.

13. Based on the foregoing, there is probable cause to believe that on or about July 27, 2022, **SANCHEZ-Hernandez** was found to be in the United States voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326(a).

14. This concludes my affidavit.

_____
Albert T. Franklin
Special Agent
Homeland Security Investigations

Affidavit submitted by email and attested to
me as true and accurate via telephone or
other reliable electronic means
consistent with Fed. R. Crim. P. 4.1 and 41(d),
this 23 day of May, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE